IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Why is this pleading single-spaced? Why doesn't it follow the form?

Civil Case No. 1:14-cv-832-PAB-KLM

WADE GAGNON,
VALERIE VAN TASSEL,
And DAVID F. WILLIAMS
Individually and on behalf of themselves
and all others similarly situated.

Plaintiffs,

v.

MERIT ENERGY COMPANY, LLC f/k/a Merit Energy Company,

Defendant.

---

## CIVIL SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on June 5, 2014, and was attended by Rex A. Sharp, David E. Sharp, Stacy Burrows and George Barton for Plaintiffs and by Craig Carver and Christopher Kamper for Defendant. The conference was conducted by telephone. Thereafter, there were follow up communications.

### 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over this class action under the Class Action Fairness Act. One or more of the putative class members are citizens of states other than Texas and Delaware and Merit Energy is a citizen for diversity purposes of Texas and Delaware. The amount in controversy is in excess of $5,000,000 exclusive of interest and costs. Accordingly, there is subject matter jurisdiction under 28 U.S.C. §1332(d).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s):

Plaintiffs allege that Merit has breached its obligations of its leases with Plaintiffs by underpaying royalties and seek to represent a class of royalty owners in Colorado and Oklahoma wells and Colorado overriding royalty owners upon which Defendant pays, or has paid, Royalties. Plaintiffs also allege that Merit has breached its fiduciary duties in all or virtually all of the Oklahoma wells at issue because the Oklahoma wells have been unitized under 52 O.S. §§ 287.1-287.15 and/or 52 O.S. § 87.1. As the unit operator, Merit has breached its fiduciary duty owed to Plaintiffs and the proposed Class members by failing to properly report, account for, and distribute gas proceeds to Plaintiffs and the proposed Class members for their proportionate royalty share of gas production. Plaintiffs allege that Merit's conduct in breaching its fiduciary duties owed to Plaintiffs and the proposed Class members was done intentionally, maliciously or in reckless disregard for the rights of Plaintiffs and the proposed Class members. As a result Merit is liable for punitive damages in addition to the actual damages sustained by Plaintiffs and the proposed Class members.

The proposed Class is currently defined as:

> All royalty owners (and in Colorado overriding royalty owners) paid by Merit Energy on Gas produced from Colorado or Oklahoma operated or marketed by Merit Energy from January 1, 1999 to the date class notice is provided to the certified class.
>
> The defined Class excludes: (1) Indian tribes; (2) the United States of America; (3) any publically traded company or entity that produces, gathers or processes Gas along with the affiliated entities of such publically traded entities including without limitation all subsidiaries, partnerships, limited liability companies, trusts, limited partnerships and other entities owned or controlled by such publically traded company or entity; (4) Merit Energy, its affiliates, its predecessors-in-interest, and their respective employees, officers, and directors; (5) wells located in Adams, Boulder, or Weld counties, Colorado; (7) royalty and overriding royalty owners to the extent that it the lease creating the royalty interest or the written documents creating the overriding royalty interest expressly authorized all of the deductions for Gas, such as leases identified in *Foster v. Merit Energy*, Case No. 5:10-cv-00758-F, Doc. 53-1, Clause # 202(d), 202(g), and 303; (8) "same as fed" leases; (9) plaintiffs suing under the current petition in *Chieftain Royalty Company, et al v. Merit Energy Company*, Case No. CJ-2012-68, in the District Court of Caddo County, Oklahoma; and, (10) the States of Oklahoma and Colorado, such as leases identified in *Foster v. Merit Energy*, Case No. 5:10-cv-00758-F, Doc. 53-1, Clause # 296, 296(a), 297, 297(a), and 323.

b. Defendant:

Merit denies that the class, as defined by plaintiffs, is certifiable as a class action under Rule 23. The royalty clauses under which Merit pays its royalties and overriding royalties are so diverse as to make this an inappropriate case for class certification. The production from Merit's wells that are the source of the putative class members' royalty payments also varies extensively in nature, type, volume, location, marketing arrangements and other factors. Merit's royalty and overriding royalty payees also vary widely from mineral owners who may have little knowledge and experience with the oil and gas industry to payees who are themselves participants in the business of producing oil and gas and paying royalties. The terms of overriding royalty assignments are often quite different than the royalty provisions contained in leases, and the experience and knowledge of payees under such instruments are usually vastly different. The royalty payment laws of Oklahoma and Colorado are not identical, or even similar. A single class covering two states is infeasible and inappropriate. Merit denies that the plaintiffs' class definition is definite or even capable of being applied under the facts and theories advanced in plaintiffs' complaint. Merit therefore denies that the proposed class meets the requirements of Rule 23 concerning typicality, adequacy, predominance and superiority.

Merit denies that it has underpaid royalties under its leases with lessors in either state, or with overriding royalty owners in Colorado. Merit has sold all of its gas to third parties under arms' length arrangements. Merit has no marketing affiliates. Merit sells its gas in marketable condition, at market prices, and at the locations of commercial marketplaces. Merit pays its royalty and overriding royalties their full shares of such sales proceeds, in full compliance with their leasehold and other contractual obligations.

Merit denies that, with regard to the subject matter of plaintiffs' suit, the duties it owes its lessors in Oklahoma are fiduciary in nature. Instead, under Oklahoma law, Merit's duties to its lessors are those of a reasonably prudent operator. Merit denies that it has breached any fiduciary or other duties owed to its lessors in Oklahoma. Merit affirmatively asserts that by statue and Oklahoma Supreme Court precedent, plaintiff is precluded from recovering punitive damages for any of its claims, and has filed a motion to dismiss all claims based upon fiduciary relationship or seeking exemplary damages.

c. Other Parties:

Not Applicable

## 4. UNDISPUTED FACTS

The following facts are undisputed:

Plaintiffs are royalty owners or overriding royalty owners in wells operated by Merit.

## 5. COMPUTATION OF DAMAGES

Plaintiffs will not be in a position to quantify their individual and class-wide damages until they have obtained discovery from Merit and potentially other third parties.

P's seek underpaid royalties + punitive damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

d. Date of Rule 26(f) meeting.

June 5, 2014.

e. Names of each participant and party he/she represented.

George A. Barton, Stacy Burrows David E. Sharp and Rex Sharp for Plaintiffs and the proposed Class and Craig Carver and Christopher Kamper for Defendant Merit.

f. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

July 1, 2014.

g. Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

None.

h. Statement concerning any agreements to conduct informal discovery:

None.

i. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Deposition Exhibits will be numbered 1, 2, 3 etc. across all depositions.

j. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiffs anticipate there will be a need, based on the claims involved, for Merit to produce extensive electronically stored information consisting of, but not

limited to (1) royalty accounting data; (2) oil and gas leases and other royalty agreements; (3) information regarding Merit's drilling, production, gathering, compression, dehydration, treatment, and processing of the natural gas from the wells at issue; (4) well lists; (5) royalty owner lists; (6) Merit's gas contracts; and (7) gas component analyses.

Parties shall adhere to Sedona principles regarding electronic discovery disputes.

The parties agree that is appropriate to enter into a stipulated protective order.

k. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case

The parties have scheduled a mediation session with retired Judge Richard Dana of the Judicial Arbiter Group, for October 21, 2014. Judge Dana has extensive experience in mediating class action royalty cases, including cases involving the parties and counsel involved in this action.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Because this is a class action case dealing with complex issues ~~Plaintiffs believe~~ the number of depositions allowed should be 15 for Plaintiffs and 15 Defendant, not including depositions of the retained experts for each party. Documents produced by a party will be deemed authentic business records of that party except as to records specifically identified by an objection made on or before November 15, 2014.

15 depos per side, excluding experts

25 rogs per side

b. Limitations which any party proposes on the length of depositions.

~~Plaintiffs propose~~ the fact witness depositions should be limited to seven (7) hours under Fed.R.Civ.P. 30(d), and expert witnesses and Rule 30(b)(6) depositions should be limited to ten (10) hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

~~Plaintiffs propose~~ that the parties be allowed to submit a maximum of thirty (30) requests for admissions including all discrete subparts, served by any party on



30 rfas per side
45 rfps per side

another party.

d. Other Planning or Discovery Orders:

Discovery in this case will be bifurcated between class certification discovery and liability issues.

No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.CivR. 7.1A. If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue. **Both of these steps must be completed before any contested discovery motions are filed with the Court.**

## 9. CASE PLAN AND SCHEDULE

For convenience, all scheduling deadlines set forth in this Civil Scheduling Order are compiled on the attached Exhibit A.

a. Deadline for Joinder of Parties and Amendment of Pleadings:

October 1, 2014.

b. Class certification Discovery Cut-off:

April 1, 2015

c. Dispositive Motion Deadline:
Premature until class certification is decided.

The parties suggest that class certification briefing and related discovery be handled in accordance with the following schedule:

1. Class certification motion, filed with all supporting evidence, including expert disclosures, to be filed by December 1, 2014.

2. Response to class certification motion to be filed, with all supporting evidence, including expert disclosures, by March 1, 2015.

3. Plaintiffs' reply to be filed with any rebuttal evidence, including rebuttal expert disclosures, if any, by April 1, 2015.

4. Class certification discovery cutoff – April 1, 2015

5. Any motion for oral argument and/or for an evidentiary hearing on the class certification issue to be filed by April 15, 2015.

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs anticipate the need for expert testimony of petroleum engineers and royalty accountants.

Defendant anticipates the need for expert testimony of chemical and petroleum engineers, experts in gas marketing, experts in the history of the natural gas industry, experts in royalty payment requirements applicable under state and federal law, and in royalty accounting.

2. Limitations which the parties propose on the use or number of expert witnesses. ~~None~~ 7 experts per side, absent further leave of court

3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) with regard to the class certification issue on or before December 1, 2014; March 1, 2015 for ~~opposing experts; and April 1, 2015 for rebuttal experts~~ rebuttal experts on class certification issues.

e. Identification of Persons to Be Deposed:

- Revenue royalty accountants for Merit;
- Field personnel to testify as to water saturation, field pressures, gas component analyses;
- Merit's gas contract manager or director;
- Employees of Merit who monitor and maintain the lease files and link such leases to wells operated by Merit;
- Other Merit employees and third-party contractors; and
- Third-party entities that compress, gather, dehydrate, treat, process and/or fractionate the natural gas production and sell it to third-party purchasers.
- Proposed Class representatives
- Designated experts.

f. Deadline for service of Interrogatories directed to class certification issues:

March 1, 2015.

g. Deadline for service of Requests for Production of Documents and/or Admissions directed

to class certification issues:

March 1, 2015.

## 10. DATES FOR FURTHER CONFERENCES:

a. Status conferences will be held in this case at the following dates and times:
No later than thirty (30) days after entry of an order granting or denying class certification. Parties shall file a Notice of Ruling Regarding Class Certification and Request for Status Conference

b. ~~A final pretrial conference will be held in this case on ______ at o'clock __.m.~~ A Final Pretrial Order ~~shall be prepared~~ by the parties and submitted to th~~e court no later than seven (7) days before the final pretrial conference~~. no later than seven (7) days after entry of the Order.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None. Because this is a class action case, the parties have agreed as to the discovery deadlines related to class certification briefing as set forth herein. Further discovery may be necessary after the Court has ruled on Plaintiffs' motion for class certification.

b. Anticipated length of trial and whether trial is to the court or jury.

See above. The parties believe that issues regarding trial should be determined after the Court decides and rules on Plaintiffs' motion for class certification. The parties suggest that it would be better to order them to make a proposal within a short time, say 20 days, after the Court has ruled on class certification and the time for interlocutory appeal has either expired without an application, permission for appeal denied, or any interlocutory appeal concluded.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 22nd day of July, 2014.

BY THE COURT:

[signature]

United States Magistrate Judge

APPROVED:

*/s/ Rex a Sharp*
Rex A. Sharp CO #17389
Gunderson Sharp, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
Phone: (913) 901-0500
Fax: (913) 901-0419
Email: rsharp@midwest-law.com

George A. Barton MO #26249
Stacy A. Burrows KS #21310
4435 Main Street, Ste. 920
Kansas City, MO 64111
Phone: (816) 300-6250
Fax: (816) 300-6259
Email: gab@georgebartonlaw.com
stacy@georgebartonlaw.com

*/s/ Craig R. Carver*
Craig R. Carver
Christopher M. Kamper
Carver Schwarz McNab & Bailey, LLC
1600 Stout, Ste. 1700
Phone: (303) 531-6481
Fax: 303-592-7680
Email: ccarver@cksmb.com
ckamper@cksmb.com

# EXHIBIT A TO CIVIL SCHEDULING ORDER

| Event | Proposed Schedule |
|---|---|
| Initial Disclosures Exchanged | July 1, 2014 |
| Jointly proposed protective order submitted to Court | July 15, 2014 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | July 15, 2014 |
| Deadline for Joinder of Parties and Amendment of Pleadings | October 1, 2014 |
| Motions to join additional parties or otherwise amend the pleadings | October 1, 2014 |
| Mediation with Retired Judge Dana (unless jointly filed notice stating whom selected as mediator) | October 21, 2014 at 9 a.m. |
| Documents produced by parties shall be deemed authenticated except as to those objected to | November 15, 2014 |
| Class Certification Motion filed with all supporting evidence, including expert disclosures | December 1, 2014 |
| Deadline for discovery requests directed to class certification issues | March 1, 2015 |
| Class Certification Response filed with all supporting evidence, including expert disclosures | March 1, 2015 |
| Class Certification Reply filed with any rebuttal evidence, including rebuttal expert disclosures, if any | April 1, 2015 |
| Class Certification Discovery Cutoff | April 1, 2015 |
| Motion for Oral Argument and/or for an evidentiary hearing | April 15, 2015 |
| Supplementation of Disclosures | Per rule and 40 days prior to close of discovery |