EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-832-PAB-KLM

WADE GAGNON,
VALERIE VAN TASSEL,
And DAVID F. WILLIAMS
Individually and on behalf of themselves
and all others similarly situated.

      Plaintiffs,
v.

MERIT ENERGY COMPANY, LLC f/k/a Merit Energy Company,

      Defendant.

## AGREED PROTECTIVE ORDER

The Parties to the above-captioned lawsuit (the "Action"), Plaintiffs Wade Gagnon, Valerie Van Tassel, and David F. Williams and Defendant Merit Energy Company (individually, a "Party" and collectively, the "Parties" to this Agreement), stipulate and agree, through their respective counsel, to the following Agreed Protective Order of this Court:

1.    Discovery in the Action will involve the production of information which the Parties consider confidential, proprietary and/or protected by statutory or other legal privilege.

2.    In the course of producing documents, giving deposition testimony, responding to interrogatories, responding to requests for admission, or otherwise responding to discovery requests of any kind, a Party may designate at or prior to the time of production of documents or tangible things (or the giving of testimony or other information), or as soon thereafter as may be practicable, any discovery materials produced or disclosed by or on behalf of that Party, or any portion of such material, and all information that may be derived therefrom as **Confidential Information**.

{00219430.1 }

Documents and other tangible things may be designated as **Confidential Information** by affixing thereto a label that reads, **"Confidential – Subject to Protective Order."** Multi-page documents may be labeled on the first page only, and the designation will apply to the entire document. Individual pages within a document may be labeled on the pertinent page **"Confidential - Subject to Protective Order, This Page,"** and the designation will apply to the labeled page only. Oral testimony may be designated by a statement on the record indicating the portion of the testimony designated as **Confidential Information**. Documents or information may be designated as **"Confidential Information"** for purposes of this Order if, but only if, the designated portions of such documents or information are entitled to protection from disclosure pursuant to the guidelines set forth in the Federal Rules of Civil Procedure governing discovery and any applicable local court rules. No document or information will be considered confidential if it has entered the public domain or if its confidentiality has not been maintained by the producing party.

3.  In addition to the foregoing, the following documents shall be automatically deemed to be Confidential Information without the need for designation as such, subject to a challenge under paragraph 5 herein: (1) gas sales contracts between Merit and third party purchasers; (2) monthly settlement statements provided to Merit by such third party purchasers; (3) correspondence regarding negotiation of marketing and contract terms or arrangements between Merit and third-party purchasers; (4) purchase agreements and all schedules thereto, and all related correspondence and other documents, pertaining to purchases of interests in oil and gas wells by Merit from Merit's predecessors-in-interest in such wells..

4.  In the event a Party produces a document, tangible thing or other information considered by the Party to be or contain **Confidential Information** without having designated it as such, the Party may subsequently designate by providing written notification to all Parties to whom the document, tangible thing or other information was produced. Any Party receiving such notice shall either (a) mark or designate the document(s), tangible thing(s), or other information in

accordance with this Order, or (b) return the document(s), tangible thing(s) or other information to the producing Party for marking or designation. There shall be no prohibition on disclosure of a document or information prior to its designation as **Confidential**.

5. Nothing herein shall be deemed to prohibit any Party from challenging a designation of **Confidential Information** *pursuant to MJ Mix's discovery procedures*. In the event of a challenge to a **Confidential Information** designation, the designating Party will bear the burden of justifying the designation and the protection sought and the Court shall determine whether the information at issue should continue to be treated as **Confidential Information**. *kmy*

6. A party shall not be obligated to challenge the propriety of a designation of certain material as **Confidential Information** at the time made, and a failure to do so shall not preclude a subsequent challenge.

7. These procedures are intended solely to facilitate the proceedings in this litigation. The failure to object to the designation of **Confidential Information** shall not be construed as an admission or agreement that the information so designated constitutes or contains confidential or secret information.

8. Except with the prior written consent of the Parties, or upon prior order of this Court obtained after due notice to all Parties, **Confidential Information** shall not be disclosed to any person other than:

    (a) the Parties to this Action;

    (b) outside counsel for the Parties to this Action;

    (c) employees of such outside counsel and persons assigned to assist such counsel in the preparation of this Action;

    (d) in-house counsel for the Parties to this Action;

    (e) expert witnesses and consultants, to the extent deemed necessary by counsel for the prosecution or defense of this Action;

(f) persons participating in Court authorized proceedings, at the time of attendance at such proceedings (i.e., hearings, depositions, trials, etc.);

(g) court reporters, to the extent deemed necessary by counsel for the prosecution or defense of this Action;

(h) the Court or any mediator or arbitrator in this Action; and,

(i) any other person authorized by the Court or agreed to by the Parties.

9. A person listed in paragraph 7(e) who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Order and shall execute a certificate in the form attached hereto as Exhibit "A". Record counsel will be promptly supplied with a copy of each executed certificate for designated testifying experts, except that the certificates of any consulting expert(s) shall be retained by counsel for the Party retaining such consulting expert.

10. A person receiving **Confidential Information** shall not reveal such information to or discuss such information with any person who is not entitled to receive such information as set forth in paragraph 7 above.

11. In the event that counsel for any Party determines to file or submit to the Court any **Confidential Information,** or portions or descriptions thereof that would reveal the substantive contents of the Confidential Information (as opposed to the existence or general nature of the contents), the submission shall be made in accordance with the Court's rules or, if none are applicable, in a sealed envelope endorsed with the caption of this Action and a statement substantially in the following form:

### CONFIDENTIAL - FILED UNDER SEAL

This envelope contains documents that are subject to an Agreed Protective Order of this Court and contains **Confidential Information** subject to limitations on dissemination. The contents shall be viewed only by the Court and the Court's personnel and shall be maintained in the record under seal except by further order of the Court.

**Confidential Information** filed under seal shall be maintained under seal in the record and shall not be published or publicly disseminated except on further order of the Court after due notice to the Parties.

12. This Order, and the limits it imposes on disclosure and use, shall continue to apply after this Action is concluded, unless the Parties otherwise expressly agree in writing. Any unauthorized use of **Confidential Information** shall be a violation of this Order and the offending person may be subjected to any and all sanctions or remedies allowed by law.

13. Within 180 days after the termination of this Action, **Confidential Information** shall be returned to the producing Party or destroyed by the recipient(s) of such discovery; provided, however, that this provision shall not apply to transcripts of depositions or trial testimony, or other sworn statements of witnesses, or exhibits to any of such transcripts or statements, or to Confidential Information incorporated into work product.

14. This Order is intended to facilitate discovery while preserving claims of confidentiality, not to waive any claims or rights regarding confidentiality or privilege. Accordingly, the Parties shall not be deemed to have waived any claims of confidentiality or privilege merely because they have stipulated to this Order or provided information under the terms of this Order. The Parties will produce discovery materials under the terms of this Order, but execution of this Order does not constitute a representation by the executing Party that it possesses materials that are responsive to any particular question or request posed in discovery.

15. The doctrine of inadvertent disclosure of privileged information shall not be waived by reason of this Order, and any party may raise such doctrine in the event of a claim that privileged information was inadvertently produced.

16. Nothing herein shall affect or limit a Party's use or right to disseminate its own **Confidential Information.** Nothing herein shall affect or limit a Party's use or right to disseminate documents or other information obtained outside of discovery in, or other proceedings in, this Action.

17. In the event that any person shall violate or threaten to violate any terms of this Order, the Party aggrieved by such violation or threatened violation may seek relief from this Court [*pursuant to MJ Mix's discovery procedures*] and it shall not be a defense thereto that the aggrieved Party possesses an adequate remedy at law.

18. The Parties may by written agreement waive any of the terms of this Order. Nothing in this Order shall be construed as a waiver of any right to object to the furnishing of information in response to discovery on a basis other than confidentiality.

19. Entry of this Order shall be without prejudice to any application for relief from any restriction hereof, or for any other or further restriction on the production, exchange, or use of any of the discovery materials provided in this Action.

20. This Order is binding upon the Parties to this action, their officers, agents, servants, employees and attorneys, and upon those persons, including without limitation, outside experts, in active concert or participation with them who receive actual notice of this Order by personal service or otherwise. The Court retains jurisdiction over all such persons for the purpose of enforcing this Order.

SIGNED this \_\_\_31st\_\_\_ day of July, 2014.

United States District Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

{00219430.1}                                    6

**STIPULATED AND AGREED:**

/s/ Rex A. Sharp
Rex A. Sharp CO #17389
Gunderson Sharp, LLP
5301 W. 75th Street
Prairie Village, KS 66208
Phone: (913) 901-0505
Fax: (913) 901-0419
Email: rsharp@midwest-law.com

George A. Barton MO #26249
Stacy A. Burrows KS #21310
4435 Main Street, Ste. 920
Kansas City, MO 64111
Phone: (816) 300-6250
Fax: (816) 300-6259
Email: gab@georgebartonlaw.com
stacy@georgebartonlaw.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ Craig R. Carver
Craig R. Carver
Christopher Kamper
Carver Schwarz McNab Kamper & Forbes, LLC
1600 Stout St., Ste. 1700
Denver, CO 80202
(303) 893-1815 telephone
ccarver@csmkf.com
ckamper@csmkf.com

**ATTORNEYS FOR DEFENDANT**

Exhibit "A"
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-832-PAB-KLM

WADE GAGNON,
VALERIE VAN TASSEL,
And DAVID F. WILLIAMS
Individually and on behalf of themselves
and all others similarly situated.

    Plaintiffs,

v.

MERIT ENERGY COMPANY, LLC f/k/a Merit Energy Company,

    Defendant.

## CERTIFICATION

I certify my understanding that **Confidential Information** is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order dated _____, 2014 in Case No. 14-CIV-832-PAB-KLM, *Wade Gagnon, et al, Individually and on behalf of themselves and all others similarly situated v. Merit Energy Company, LLC* (the "Action"), and that I have been given a copy of and have read that Agreed Confidentiality Order and agree to be bound by it. I understand that all provisions of the Agreed Confidentiality Order restricting the communication or use of **Confidential Information,** including but not limited to any notes or other transcriptions made therefrom, shall continue to be binding during the pendency of and after the conclusion of this Action.

Dated: _____

By: _____

{00219431.1 }