IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-832-PAB-KLM    )
                                      )
WADE GAGNON, VALERIE VAN              )
TASSELL, and DAVID F. WILLIAMS,       )
individually and on behalf of themselves and )
all others similarly situated,        )
                                      )
             Plaintiffs,              )
                                      )
vs.                                   )
                                      )
MERIT ENERGY COMPANY, LLC f/k/a       )
Merit Energy Company,                 )
                                      )
             Defendant.               )

---

**SUPPLEMENTAL PROTECTIVE ORDER
REGARDING NON-PARTY DISCOVERY**

---

This matter is before the Court on the unopposed motion of Wade Gagnon, Valerie Van Tassell, and David F. Williams, individually and on behalf of themselves and all others similarly situated ("Plaintiffs") to supplement the existing protective order to facilitate discovery from non-parties that believe that the information sought is confidential and commercially and technically sensitive information, including trade secrets, relating to subpoenaed gas analysis, mapping, gas contracts, gas plant statements, revenue accountings, and other information. Non-parties believe that the disclosure of that information without restriction on its dissemination would likely result in harm to those non-parties. The Court finds that good cause exists for the entry of a supplement to the existing protective order.

The Court has formulated a procedure that will both facilitate discovery in this action from non-parties and maintain the confidentiality of information of the type described above. The Court being fully advised in the premises and finding good cause for granting said Motion, it is hereby

ORDERED AS FOLLOWS:

1. This Supplemental Protective Order ("Supplemental Protective Order") governs the handling of documents, materials, tangible things or other information or deposition testimony reflecting or relating to the purchase of gas or other hydrocarbon products by non-parties to this litigation, when those items are designated "Confidential" or "Attorneys' Eyes Only," in accordance with the procedures herein.

**DEFINITIONS**

2. The following definitions shall apply to this Supplemental Protective Order:

 a. "Person" shall include individuals and entities;

 b. "Litigants" shall mean and refer to any party, including those hereafter joined;

 c. "Confidential Material" or "Confidential Information" shall mean and refer to any documents, materials, tangible things, deposition testimony or information which are produced by a non-Litigant and which are:

  (1) deemed in good faith by the non-Litigant producing them at the time of production to constitute trade secrets, confidential, or propriety information; and

(2) designated as such in accordance with the procedures set forth herein.

d. "Attorneys' Eyes Only" information shall mean and refer to any documents, materials, tangible things, deposition testimony or information which are produced by a non-Litigant and which are:

(1) deemed in good faith by the non-Litigant producing them at the time of production to constitute extremely sensitive confidential commercial information whose disclosure to a business competitor would create a substantial risk of serious commercial injury that could not be avoided by less restrictive means; and

(2) designated as such in accordance with the procedures set forth herein.

## DESIGNATION OF CONFIDENTIAL MATERIALS

3. A non-Litigant may designate Confidential Material to be handled in accordance with the terms of this Supplemental Protective Order by marking on, or physically affixing to, the document, materials, tangible things or information which are to be so handled, the following designation:

> "Confidential— Supplemental Protective Order in Case No. 1:14-cv-00832-PAB-KLM, U.S. Dist. of Colo."

The legend shall be placed on documents in such a manner that it does not obscure or make illegible the wording of the document. Multi-page documents may be labeled on the first page only and the designation will apply to the entire document. Individual pages

within a document may be labeled on the pertinent page "Confidential— Supplemental Protective Order in Case No. 1:14-cv-00832-PAB-KLM, U.S. Dist. of Colo., This Page Only." Confidential electronic documents being produced in native format may be produced within a folder titled "Confidential—Supplemental Protective Order in Case No. 1:14-cv-00832-PAB-KLM, U.S. Dist. of Colo., Entire Folder" and such designation shall apply to all within such folder. In addition, the label on the production media (email attachment, CD, DVD, Hard Drive, etc.) shall contain the designation "CONFIDENTIAL MATERIAL".

## RESTRICTIONS ON USE OF CONFIDENTIAL MATERIALS

4. The following restrictions and procedures shall apply to any Confidential Material:

    a. Confidential Material produced by a non-Litigant in this litigation and designated as such pursuant to the terms of this Supplemental Protective Order and all information contained in or derived from such Confidential Material shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals there from.

    b. Access to Confidential Material produced by a non-Litigant in this litigation and designated as such pursuant to the terms of this Supplemental Protective Order shall be limited to the Qualified Persons listed below, who require access to such Confidential Material to perform their duties in this action.

(1) The judge assigned to this case, personnel of the Court, court reporters, the members of the venire, the jurors, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

(2) Attorneys for Litigants, including in-house counsel;

(3) Named plaintiffs and their representatives;

(4) Employees of Litigants that are corporations, partners, or other entities, or employees of other entities retained by Litigants, who are responsible for assisting counsel in the conduct of this action;

(5) Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Supplement to Protective Order;

(6) Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

(7) Experts or consultants that are employed or retained to assist counsel in this action or designated as trial witnesses;

(8) Deponents and their counsel during the course of depositions taken in this action;

(9) Trial witnesses; and

(10) Potential witnesses who are the author or recipient(s) of the document, the original source of the information or employees or agents of the entity producing or receiving the information.

c. Qualified Persons shall not disclose any information marked as confidential to any other persons or entities.

**DESIGNATION OF ATTORNEYS' EYES ONLY MATERIALS**

5. A non-Litigant producing material pursuant to the terms of this Supplement to Protective Order may designate Attorneys' Eyes Only Material to be handled in accordance with the terms of this Supplemental Protective Order by marking on, or physically affixing to, the document, materials, tangible things or information which are to be so handled, the following designation:

> "Attorneys' Eyes Only— Supplemental Protective Order in
> Case No. 1:14-cv-00832-PAB-KLM, U.S. Dist. of Colo."

The legend shall be placed on documents in such a manner that it does not obscure or make illegible the wording of the document. Multi-page documents may be labeled on the first page only and the designation will apply to the entire document. Individual pages within a document may be labeled on the pertinent page "Attorneys' Eyes Only— Supplemental Protective Order in Case No. 1:14-cv-00832-PAB-KLM, U.S. Dist. of Colo., This Page Only." Attorneys' Eyes Only electronic documents being produced in native format may be produced within a folder titled the "Attorneys' Eyes Only-Supplemental Protective Order in Case No. 1:14-cv-00832-PAB-KLM, U.S. Dist. Of Colo., Entire Folder" and the designation shall apply to the entire contents of such folder. In addition, the label

on the production media (email attachment, CD, DVD, Hard Drive, etc.) shall contain the designation "Attorneys Eyes Only".

**RESTRICTIONS ON USE OF ATTORNEYS' EYES ONLY MATERIALS**

6. The following restrictions and procedures shall apply to any Attorneys' Eyes Only Material:

a. Attorneys' Eyes Only Material produced by a non-Litigant pursuant to the terms of this Supplement to Protective order and designated with an "Attorneys' Eyes Only" legend, and all information contained in or derived from such material, shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals therefrom.

b. Access to Attorneys' Eyes Only Material produced in this litigation shall be limited to the Qualified Persons listed below, who require access to such Attorneys' Eyes Only Material to perform their duties in this action.

(1) The judge assigned to this case, personnel of the Court, court reporters, the members of the venire, the jurors, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

(2) Outside Counsel and their paralegals and staff for Litigants;

(3) Employees of any firm retained by counsel to produce or duplicate any discovery material for use in accordance with this Protective Order;

(4) Experts or consultants and their staff that are employed or retained to assist counsel in this action or designated as trial witnesses; and

(5) Witnesses who are the author or recipient(s) of the document, who are the original source of the information, or who are employees or agents of an entity that is in possession of the information pursuant to the ordinary course of its business.

c. Qualified Persons shall not disclose any information marked as Attorneys Eyes Only to any other persons or entities, provided that Outside Counsel for Plaintiffs may, in person, disclose information marked as Attorneys Eyes Only to (i) any named Plaintiff who is not employed in a position that involves the purchase or sale of gas or other hydrocarbon products, and (ii) any class member who is not employed in a position that involves the purchase or sale of gas or other hydrocarbon products.

**GENERAL PROVISIONS GOVERNING CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

7. Any Qualified Person described in subparagraphs 4(b)(4), (6), or (7) or in subparagraph 6(b)(4) and any named Plaintiff or class member described in subparagraph 6(c) that is provided copies of or access to Confidential Material or Attorneys Eyes Only information produced by a non-Litigant in this litigation pursuant to this Supplemental

Protective Order, or any information contained therein or derived there from, shall, as a precondition to such disclosure:

    a.    be advised of the provisions of this Supplemental Protective Order, and of the limited purpose for which the information contained in or derived there from may be used; and

    b.    execute the attached Acknowledgement of Supplemental Protective Order, which recites that he or she has received and read a copy of this Supplement to Protective Order and agrees to be bound by its provisions. An executed copy of the Acknowledgement of Supplemental Protective Order shall be provided to the non-Litigant that produced the documents or materials within ten days of the execution of the Acknowledgement.

These procedures need not be followed if the Qualified Person to whom the Confidential Material or information is provided is an employee or agent of the company that produced or received the Confidential Material.

    8.    Confidential Material or Attorneys' Eyes Only information designated as such pursuant to this Supplement to Protective Order in this litigation, or any information contained therein and derived there from, may be disclosed to a witness during deposition or trial in this case, provided that (a) the witness shall not be provided with any such materials to take from the place of the deposition or trial, and (b) with regard to Attorneys' Eyes Only information, if the witness is (i) an employee or agent of an entity that does not possess the information in the ordinary course of its business and (ii) employed in a position that involves the purchase or sale of gas or other hydrocarbon

products, the information may not be disclosed to the witness unless and until the Court has determined that such disclosure is necessary and appropriate for the prosecution or defense of this litigation.

9. At the trial of this case or at any hearing, any person who (i) is an employee or agent of an entity that does not possess the information in the ordinary course of its business and (ii) is employed in a position that involves the purchase or sale of gas, NGLs, Helium, or other products from raw gas shall be excluded from the courtroom during any testimony or arguments that involve or relate to any information designated as Attorneys' Eyes Only pursuant to the terms of this Supplemental Protective Order.

10. Within ninety (90) days of the final termination of this action, whether by settlement or judgment, including any appeals there from, each Litigant or other Qualified Person, shall return Confidential and Attorneys' Eyes Only Material produced in this litigation to the non-Litigant that produced the material, including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials which, in the judgment of the Litigant's counsel, constitute work product materials.

11. The restrictions governing Confidential and Attorneys' Eyes Only Material do not apply to material or information obtained or acquired by a Litigant prior to this litigation or from a source other than discovery in this litigation, and do not preclude a Litigant from using its own Confidential or Attorneys' Eyes Only Material as it deems appropriate or necessary.

12. Confidential or Attorneys' Eyes Only Material designated as such pursuant to this Supplemental Protective Order may be offered as evidence at trial or in any court proceeding in the litigation, provided that the person seeking to offer the evidence at trial or in a court proceeding in the litigation shall first file a motion with the Court for an order that the materials be received under conditions to prevent unnecessary disclosure or filed under seal pursuant to the Court's procedures. Any Litigant that seeks to file with the Court under seal Confidential or Attorneys' Eyes Only Material designated as such pursuant to this Supplemental Protective Order must first file a motion with the Court and be granted leave to file the document under seal. The Litigant seeking to file with the Court under seal Confidential or Attorneys' Eyes Only Material designated as such pursuant to this Supplemental Protective Order must follow the Court's procedures for filing documents under seal.

13. When Confidential or Attorneys' Eyes Only Material designated as such pursuant to the terms of this Supplemental Protective Order is presented, offered, quoted or referenced in any hearing, counsel presenting, offering, quoting, or referencing the Confidential or Attorneys' Eyes Only Material shall alert the Court so that the Court may take steps as it believes are reasonably necessary to protect the Confidential or Attorneys' Eyes Only Material at issue.

14. Portions of depositions which deal with Confidential or Attorneys' Eyes Only Material designated as such pursuant to this Supplemental Protective Order may be designated as "Confidential" or "Attorneys' Eyes Only" material during the deposition or at any time prior to fifteen (15) days after the transcripts are provided to counsel for the

Litigants and counsel for any non-Litigant that provided the information. Designation shall be made in writing and portions so designated shall be deemed Confidential or Attorneys' Eyes Only Material. To ensure appropriate steps can be taken to designate as Confidential or Attorneys' Eyes Only Material portions of depositions that relate to materials designated as Confidential or Attorneys' Eyes Only pursuant to this Supplemental Agreed Protective Order, no Litigant shall divulge any portion of any deposition that relates in whole or in part to materials designated as confidential or Attorneys' Eyes Only pursuant to this Supplemental Agreed Protective Order, other than to a Qualified Person, prior to fifteen (15) days after the deposition transcript has been provided to counsel.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

15. The Litigants' agreement to this Supplemental Protective Order and compliance with the terms of this Supplemental Protective Order shall not:

    a. Constitute an admission by any Litigant that any Confidential or Attorneys' Eyes Material contains or reflects trade secrets, propriety or commercial information or other confidential matter;

    b. Prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery;

    c. Prejudice in any way the rights of any person to seek a court determination whether particular discovery materials should be produced, or if produced, whether such material is properly subject to the terms of this Protective Order;

    d. Prejudice in any way the rights of any person to seek a court determination that access to Confidential or Attorneys' Eyes Only Material should be granted to a person not herein specifically designated to receive the same; or

    e. Prejudice in any way the rights of any person to apply to the Court for a further protective order relating to any asserted confidential information, trade secrets or proprietary information.

  16. A Litigant may object to any designation of Confidential or Attorneys' Eyes Only Material by first notifying the producing party in writing. Within five days of notifying the producing party in writing, the Litigant shall contact counsel for the producing party and the parties shall confer pursuant to Local Rule 7.1(a). If the dispute is not resolved by the parties, the parties are directed to seek relief from the Court pursuant to Magistrate Judge Mix's discovery procedures by contacting the Court for a discovery hearing.[1] The Court will determine whether the matter shall be set for immediate adjudication or set for hearing at a future date. The Court will advise the parties if briefing is necessary. The discovery materials will be handled as designated until the Court's ruling and the conclusion of any appeal from the ruling. All parties will cooperate in submitting the issue of the designation to the Court in an expeditious manner. The burden of proving that any materials are entitled to confidential treatment shall always be on the party claiming such protection is warranted and legal standards

---

[1] In the event the matter is assigned to a different Judge, the parties shall follow the procedures for that Judge, or file a motion with the Court requesting that the discovery matter be set for hearing by the assigned Judge.

governing such issues of confidentiality shall be those established by applicable law as if this Supplemental Protective Order did not exist.

17. In the event a Litigant or non-Litigant discovers it has inadvertently produced Confidential or Attorneys' Eyes Only material without so designating such information, the party must within a reasonable time notify all parties of record and designate the information Confidential or Attorneys' Eyes Only. The Litigants will from that point forward treat the information as designated under this Order. The Litigants will take reasonable steps to designate all produced documents with the appropriate label and will take all reasonable steps to recover any documents which were not properly designated to affix the appropriate label to the previously produced document

Ordered: October 31st, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT COURT OF COLORADO

## Exhibit A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Civil Case No. 1:14-cv-832-PAB-KLM | ) |
| | ) |
| WADE GAGNON, VALERIE VAN TASSELL, and DAVID F. WILLIAMS, individually and on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MERIT ENERGY COMPANY, LLC f/k/a Merit Energy Company, | ) ) |
| | ) |
| Defendant. | ) |

### ACKNOWLEDGMENT OF RECEIPT OF SUPPLEMENTAL PROTECTIVE ORDER REGARDING NON-PARTY DISCOVERY

Before working on and reviewing documents in the above-referenced matter, it is necessary that you read the Supplemental Protective Order ("Supplemental Protective Order") attached hereto, which Wade Gagnon, Valerie Van Tassell, and David F. Williams, individually and on behalf of themselves and all others similarly situated, and Merit Energy Company, LLC, have agreed to with respect to materials produced in this case. Part of the Supplemental Protective Order requires that all Qualified Persons be advised of the provisions of the Supplemental Protective Order and of the limited purposes for which Confidential Materials, Attorneys' Eyes Only Materials, or other information contained in or derived therefrom may be used. Once you have carefully read

the Supplemental Protective Order, please acknowledge that you understand its contents and that you agree to follow and be bound by its provisions by signing where provided below.

_____
Signature of Counsel

ACKNOWLEDGMENT:

I have read and agree to the Supplemental Protective Order attached hereto.

_____
Signature of Qualified Person

Date: _____