IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00832-PAB-KLM

WADE GAGNON,
VALERIE VAN TASSEL, and
DAVID F. WILLIAMS, individually and on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

MERIT ENERGY COMPANY, LLC, f/k/a Merit Energy Company,

    Defendant.

# ORDER

This matter is before the Court on the Motion to Dismiss Plaintiffs' Second Claim for Relief ("partial motion to dismiss") filed by defendant Merit Energy Company, LLC ("Merit"). [Docket No. 23]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).

## I. BACKGROUND

The Court recites only those facts that are relevant to defendant's partial motion to dismiss.[1] Plaintiffs are individuals who own oil and gas royalty interests in property located in Colorado and Oklahoma. Docket No. 21 at 15, ¶ 36. Plaintiffs have leases with Merit that entitle them to royalty payments from Merit related to the production of natural gas and constituent products produced from their mineral interests. Docket No.

---

[1]The following facts, taken from plaintiffs' First Amended Class Action Complaint, Docket No. 21, are accepted as true for the purpose of ruling on this motion. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

21 at 3, ¶ 5, *id.* at 6, ¶ 16. Plaintiffs allege that Merit systematically underpays royalty owners like plaintiffs through a number of different tactics, including failure to pay royalty owners for all valuable constituents produced from the wells and improper deduction of the costs necessary to place the wells' output in marketable condition. *Id.* at 14-15, ¶ 35. Plaintiffs seek to represent a class that consists of "[a]ll royalty owners and in Colorado overriding royalty owners paid by Merit Energy on Gas produced from Colorado or Oklahoma operated or marketed by Merit Energy from January 1, 1999 to the date class notice is provided to the certified class." *Id.* at 2, ¶ 2.

Plaintiffs bring two claims for relief: (1) breach of contract on behalf of all putative class members, and (2) breach of fiduciary duty as to the putative class members whose mineral interests are located in Oklahoma. *See* Docket No. 21 at 16-18, ¶¶ 40-50. With respect to the second claim, plaintiffs allege that they and the Oklahoma class members have had their wells "unitized" under 52 Okla Stat. §§ 287.1-287.15[2] and/or

---

[2]"Unitization" refers to "the joint operation of all or some part of a producing reservoir." Howard R. Williams & Charles J. Meyers, Oil & Gas Law (2013 ed.), § 901. "The purpose of unitization is to permit the entire field (or a very substantial portion of it) to be operated as a single entity, without regard to surface boundary lines." *Id.* Many states, including Oklahoma, have enacted statutes providing for compulsory unitization under specified circumstances. *Id.* § 912; *see also* 52 Okla. Stat. §§ 287-1-15 (the "unitization statute"). In Oklahoma, the Corporation Commission ("Commission") is authorized, upon petition, notice, and hearing, to issue orders creating "units" and providing for unitized operation of the common source upon finding that (a) unitized management of a given source is reasonably necessary, (b) one or more unitized methods are feasible, will prevent waste, and will likely result in increased recovery of oil and gas, (c) the additional costs of unitization will not exceed the value of the additional oil and gas produced by unitization; and (d) unitization promotes the common good and will result in the general advantage of the owners of the oil and gas rights affected. 52 Okla Stat. § 287.3.

52 Okla. Stat. § 87.1 ("Section 87.1").³  Docket No. 21 at 17, ¶ 44.  Plaintiffs further allege that the Commission has appointed Merit as the unit operator.  *Id.* ¶ 46.  Plaintiffs claim that Merit breached its fiduciary duty to the Oklahoma well owners by "failing to properly report, account for, and distribute gas proceeds to Plaintiffs and the Class members for their proportionate royalty share of gas production."  *Id.* ¶ 47.  Merit moves to dismiss plaintiffs' second claim for relief because, based on plaintiffs' allegations, no fiduciary duties arise under Oklahoma law.  There is no disagreement that Oklahoma law applies to plaintiffs' second claim.

## II. STANDARD OF REVIEW

The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim.  Fed. R. Civ. P. 12(b)(6); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado*, 493 F.3d at 1215 (quotation marks and citation omitted).  At the same time, however, a court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

---

³Plaintiffs' citation to Section 87.1 is in reference to the "well spacing and drilling units" statute, which authorizes the Commission to issue orders establishing well spacing or drilling units above a common source of supply.  Although the Commission creates "units" when issuing spacing and drilling orders, a lessor's mineral interests are not "unitized" as that term is typically used in reference to the unitization statute.  *See* 52 Okla. Stat. § 287.3.

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. ANALYSIS

In *Young v. West Edmond Hunton Lime Unit*, 275 P.2d 304 (Okla. 1954), the Oklahoma Supreme Court held that an operator of a unitized field "stands in a position similar to that of a trustee for all who are interested in the oil production either as lessees or royalty owners." *Id.* at 309. Since *Young*, the Oklahoma Supreme Court has repeatedly affirmed that unit operators of unitized tracts owe fiduciary duties to those with an interest in production from the unit. *See ENI Producing Props. Program Ltd. P'ship 1982-I ex rel. Baytide Petroleum, Inc. v. Samson Inv. Co.*, 977 P.2d 1086, 1088

(Okla. 1999) (holding that a unit operator subject to a unitization order owes a fiduciary duty with respect to actions that "relate to the operation of the unit"); *Krug v. Helmerich & Payne, Inc.*, 320 P.3d 1012, 1018 (Okla. 2013) (noting in *dicta* that "[a] unit operator in a unitized section owes a fiduciary duty to the royalty owners and lessees who are parties to the unitization agreement or order creating the unit").

Some courts construing Oklahoma law have also imposed fiduciary duties on operators of units subject to Commission orders creating drilling and spacing requirements. *See Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 7053789 at *4 (W.D. Okla. July 14, 2011) (holding that the operators of drilling and spacing units created by the Commission owe fiduciary duties to lessors because "the creation of a drilling and spacing unit by the [Commission] pursuant to [Section 87.1] alters the rights of lessors/royalty owners in a manner similar to [the unitization statute]"); *see also Morrison ex rel. Haar Family Trust v. Anadarko Petroleum Corp.*, 2010 WL 2721397 at *3 (W.D. Okla. July 6, 2010); *Hebble v. Shell W. E & P, Inc.*, 238 P.3d 939, 943 (Okla. App. 2009), *cert. denied* (Okla. 2010) ("[t]he fiduciary duty of the unit operator arises not only from the creation of field-wide units for secondary recovery under [the unitization statute], but also from the creation of drilling and spacing units.").[4]

---

[4] The Oklahoma Supreme Court in *Leck v. Continental Oil Co.*, 800 P.2d 224, 229 (Okla. 1989), found that the operator of a drilling and spacing unit owed fiduciary duties to the mineral owners, but the opinion characterized the source of the duty as the "'unitization' of Section 21." The Oklahoma Supreme Court has never characterized *Leck* as standing for the proposition that drilling and spacing orders also give rise to fiduciary duties on operators. *See, e.g.*, *Krug*, 320 P.3d at 1018 ("*Leck* . . . recognizes an exception to this rule. A unit operator in a unitized section owes a fiduciary duty to the royalty owners and lessees who are parties to the unification agreement or order creating the unit.").

Merit argues that two recent developments in Oklahoma law foreclose plaintiffs' second claim for relief. First, Merit argues that the Oklahoma Supreme Court *in Krug* held that oil and gas producers do not owe a fiduciary duty to royalty owners, but instead are "entitled to separate [their] interest from that of the [royalty owners]" and owe them only an obligation to act as a "reasonably prudent operator." Docket No. 23 at 3-4 (citing *Krug*, 320 P.3d at 1018). Second, Merit argues that Section 902 of Title 52 of the Oklahoma Statutes ("Section 902"), which took effect in May 2012, states that no fiduciary duty shall be found in any "private agreement, statute or governmental order or common law" relating to oil and gas production. *Id.* at 4-5 (citing 52 Okla. Stat. § 902(2)). Plaintiffs respond that Merit mischaracterizes the holding in *Krug*, that Section 902 is simply a rule of construction and does not alter substantive law, and that Section 902 expressly exempted the unitization statute. The Court addresses each of Merit's arguments as it applies to the unitization statute and Section 87.1.

### A.  The Unitization Statute

Plaintiffs argue that Merit omitted *Krug's* key holding, which reaffirmed the existence of a fiduciary duty arising from unitization. Docket No. 25 at 1. Merit replies that unitization does not alter lease relationships because a unitization is "nothing more than an amalgamation of individual leases," and the obligations created by those leases are not fiduciary in nature. Docket No. 28 at 2, 4. Merit's argument is unavailing. The Oklahoma Supreme Court has held that the rationale for imposing fiduciary duties in the unitization context is that the order of the Commission supersedes and displaces individual leases. *See Leck*, 800 P.2d 224, 229 (a unit operator's fiduciary duty "is not

a duty created by the lease agreement but rather by the unitization order and agreement"); *see also Howell v. Texaco, Inc.*, 112 P.3d 1154, 1160-61 (Okla. 2004) (distinguishing private contracts, where no fiduciary duty is owed, from duties that "arise from a unitization agreement and order" because "[a]fter unitization, the leases no longer control[]").

Merit next argues that the recently-enacted Section 902 forecloses plaintiffs' fiduciary duty claim. Section 902 states, in relevant part:

> The sanctity of private agreements, and the consistent and predictable application and interpretation of statutes, governmental orders and common law, being essential to the oil and gas industry, the following are declared to be paramount rules of construction to be applied by the courts of this state in the construction of private agreements, statutes and governmental orders relating to the exploration for, operations for, producing of, or marketing oil or gas, or disbursing proceeds of production of oil or gas:
>
> 1. A person is bound as a reasonably prudent operator to operate the well on behalf of all owners in the well and perform any duties owed to any person under a private agreement, statute, governmental order or common law relating to the exploration for, operations for, producing of, or marketing oil or gas, or disbursing proceeds of production of oil or gas, and performance of the duties described herein is that performance which an operator acting reasonably would have undertaken given the circumstances at the time, without being required to subordinate its own business interests, but with due regard to the interests of all affected parties, including the operator; and
>
> 2. There shall not be implied in the duties in paragraph 1 of this section or otherwise any fiduciary duty, quasi-fiduciary duty or other similar special relationship in any private agreement, statute or governmental order or common law relating to the exploration for, operations for, producing of, or marketing oil or gas, or disbursing proceeds of production of oil or gas. . . . **However, the provisions of paragraph 2 of this section shall not apply to Sections 287.1 through 287.15 of Title 52 of the Oklahoma Statutes**[.]

52 Okla. Stat. § 902 (emphasis added). Thus, Section 902 explicitly exempts the unitization statute from its decree that private agreements, statutes, and governmental

7

orders do not create fiduciary duties by implication.

Merit concedes that Section 902 carves out an exception for unitization agreements, but argues that the fiduciary duties owed by a unit operator are limited and that the duty that plaintiffs claim was breached – underpayment of royalties – is purely contractual in nature.  Docket No. 23 at 7.  According to Merit, the fiduciary duties owed by a unit operator are limited to the unit operator's statutory function in receiving and disbursing funds.  Docket No. 23 at 11.  The Court disagrees.  Merit points to no judicial decision or statutory language that supports its interpretation of Section 902 as limiting the scope of the fiduciary duties owed by a unit operator in the manner it suggests.  Although the Oklahoma Supreme Court has acknowledged that "a well operator's fiduciary duty is not without boundaries," *ENI Producing Props.*, 977 P.2d at 1088, the fiduciary duty extends to actions "relate[d] to the operation of the unit." *Id.*  As multiple courts applying Oklahoma law have held, this extends to the calculation and payment of royalties.  *See Naylor*, 2011 WL 7053789 at *5 (finding that defendant breached its fiduciary duty as unit operator where it made improper "deductions from the royalty paid for the costs of processing services" for which it was required to bear the costs); *Morrison*, 2010 WL 2721397 at *5 (denying motion to dismiss breach of fiduciary duty claim where plaintiff alleged underpayment of royalties by a unit operator).  As such, the Court finds that plaintiffs have stated a claim for breach of fiduciary duty as to those class members whose wells have been unitized pursuant to 52 Okla. Stat. §§ 287.1-15.

### B.  Section 87.1

Merit claims that Section 902 forecloses the possibility that it owed a fiduciary

duty to any members of the putative class whose wells were subject to Section 87.1 orders and that any case holding to the contrary before Section 902's effective date of May 8, 2012[5] has been superseded by statute.  Docket No. 23 at 6.  Plaintiffs respond by analyzing amendments made in 2012 to Section 87.1 itself, and argue that lessors' rights under Section 87.1 remained substantively unchanged after those amendments.  See Docket No. 25 at 11.  Plaintiffs' argument misses the point.  Merit's argument that no fiduciary duties arise under Section 87.1 relies entirely on Section 902(2), which states that there "shall not be implied . . . any fiduciary duty . . . in any private agreement, statute *or governmental order*" related to oil and gas production, exploration, or marketing.  52 Okla. Stat. § 902(2) (emphasis added).  While Section 902(2) carves out an exception for the unitization statute, there is no corresponding exception for Section 87.1.  Because drilling and spacing units are created pursuant to an order of the Commission (or a "governmental order"), *see* 52 Okla. Stat. § 87.1(a), the Court agrees with Merit that Section 902(2) forecloses any fiduciary duty the Court may otherwise have implied in a Section 87.1 order.  Merit, therefore, does not owe a fiduciary duty to those members of the putative class whose wells were subject to a drilling and spacing unit order pursuant to Section 87.1.

C. **Retroactive Application of Section 902**

Plaintiffs argue that Section 902 applies only prospectively and cites to Section 5 of the 2012 amendment, which states that the amendment (including Section 902)

---

[5]Merit claims May 9, 2012 as the effective date of Section 902.  Docket No. 23 at 6.  The statute, however, was approved on May 8, 2012, and took effect on that date.  *See* 2012 Okla. Sess. Law Serv. Ch. 201, § 5 (H.B. 2654).

"shall take effect and be in full force from and after its passage and approval." 2012 Okla. Sess. Law Serv. Ch. 201, § 5 (H.B. 2654). Merit argues that Section 902 merely issued a "clarification" of existing law and that this clarification was not retroactive. Docket No. 28 at 2. The Court agrees with plaintiffs. In Oklahoma, "statutes and statutory amendments will be construed as operating prospectively unless by express declaration or necessary implication from the language used the Legislature clearly demonstrates a contrary intent. If there is any doubt, it must be resolved against retroactivity." *Dolese Bros. Co. v. State ex rel. Okla. Tax Comm'n*, 64 P.3d 1093, 1097 (Okla. 2003). Merit points to no express declaration that Section 902 was intended to apply retroactively. Nor does the Court find any "necessary implication" for retroactive application.

### D. Punitive Damages

Merit argues that plaintiffs are not entitled to punitive damages because their allegations are merely contractual in nature and do not form an underlying tort. Docket No. 23 at 13-14. The Court disagrees. As repeatedly clarified by the Oklahoma Supreme Court, a unit operator's fiduciary duties do not arise from contract, but rather from the order of the Commission setting forth the operator's duties and obligations to royalty owners. *See Krug*, 320 P.3d at 1018 (a unit operator's duty "is not created by the lease agreement but rather by the unitization order and agreement"); *see also Leck*, 800 P.2d 224, 229 (same). Plaintiff has alleged the existence of a fiduciary duty and breach of that duty. "Bad faith breach of a fiduciary duty . . . will support punitive damages." *Smith v. Citizens State Bank of Hugo*, 732 P.2d 911, 913 n.1 (Okla. App.

1986).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Merit Energy Company, LLC's Motion to Dismiss Plaintiffs' Second Claim for Relief [Docket No. 23] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that the portion of plaintiffs' second claim for relief that seeks recovery for breach of fiduciary duties created by orders pursuant to 52 Okla. Stat. § 87.1 is dismissed with prejudice with respect to the period after May 8, 2012. The remainder of plaintiffs' second claim for relief remains pending.

DATED March 19, 2015.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge