IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00832-PAB-KLM

WADE GAGNON,
VALERIE VAN TASSEL, and
DAVID F. WILLIAMS, individually and on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

MERIT ENERGY COMPANY, LLC, f/k/a Merit Energy Company,

    Defendant.

## ORDER

This matter is before the Court on the Motion to Stay Briefing as to Plaintiffs' Motion for Partial Summary Judgment [Docket No. 62] and the Motion to Strike Plaintiffs' Motion for Partial Summary Judgment for Lack of Jurisdiction and Authorization [Docket No. 63] filed by defendant Merit Energy Company, LLC ("Merit"). The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).

**I. BACKGROUND**

Plaintiffs are individuals who own oil and gas royalty interests in property located in Colorado and Oklahoma. Docket No. 21 at 15, ¶36. In this putative class action, plaintiffs allege that Merit systematically underpays royalty owners like plaintiffs through a number of different tactics, including failure to pay royalty owners for all valuable constituents produced from the wells and improper deduction of the costs necessary to place the wells' output in marketable condition. *Id.* at 14-15, ¶ 35.

On April 6, 2015, plaintiffs filed a motion for class certification, Docket No. 54, and a motion for partial summary judgment. Docket No. 55. Plaintiffs bring their motion for partial summary judgment "on behalf of the certified Plaintiff Class," Docket No. 55 at 1, seeking summary judgment that all leases of class members contain an implied agreement that Merit would bear the cost of putting all gas obtained from the wells in which the class owns royalty interests in marketable condition and that Merit breached this agreement by charging royalty owners for all of the services that are required to turn raw gas into a marketable product. Docket No. 55 at 3, ¶ 7, 18.

## II. ANALYSIS

Merit moves to strike plaintiffs' motion for summary judgment on the grounds that the Court lacks jurisdiction to decide the motion because plaintiffs bring the motion on behalf of a class that has not yet been certified. Docket No. 63 at 2-3. Additionally, in Merit's motion to stay, it argues that plaintiffs' motion for summary judgment violates the scheduling order, which bifurcated discovery on class certification and liability issues into two separate phases. Docket No. 62 at 3.

The Court agrees with defendant that plaintiffs' motion impermissibly seeks to modify the scheduling order without having shown good cause to do so. *See* Fed. R. Civ. P. 16(b)(4) (a "schedule may be modified only for good cause and with the judge's consent"). Accordingly, the Court does not reach the claimed jurisdictional issue.

The scheduling order in this action, which the parties jointly proposed and the magistrate judge accepted, calls for bifurcated discovery between class certification and liability issues. *See* Docket No. 31 at 6. Plaintiffs argue, first, that defendant already has all of the discovery necessary to respond to plaintiffs' motion, namely, the leases at

issue in this case and information on gas condition, and second, that plaintiffs have provided defendants the opportunity to take discovery on liability issues. Docket No. 65 at 5-6. Merit represents that plaintiffs' argument that the gas was not in marketable condition is based on expert testimony that requires both discovery from plaintiffs' experts and time for Merit to identify its own rebuttal experts. Docket No. 62 at 6. Merit further represents that it has not yet taken this discovery because the parties agreed to bifurcate discovery into class certification and liability phases. *Id.* at 5; *see also* Docket No. 66 at 2 (noting that bifurcated discovery in the scheduling order "contains important protections that Merit negotiated for").

The Court is persuaded that summary judgment is premature in light of the parties' agreed-upon discovery plan. At the time of plaintiffs' filing, Merit had not conducted the necessary expert discovery to respond to the motion, in part because of the bifurcated discovery plan, which the parties agreed upon and the magistrate judge ordered. Docket No. 62 at 5-6. Plaintiffs' willingness to comply with discovery that is contrary to the scheduling order does not constitute good cause for a motion for summary judgment that requires deviation from the court-ordered discovery plan. Federal Rule of Civil Procedure 56(d) provides that, when a nonmovant cannot present sufficient facts to submit a proper opposition, the Court may either "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." As stated by Merit, *see* Docket No. 66 at 2, bifurcated discovery in this matter could potentially save the parties' resources by postponing class-wide discovery that, depending on the outcome of plaintiffs' motion for class certification, may not be necessary. Because the parties

agreed to such a plan, the Court finds that it would be inappropriate to grant only a temporary stay that lasts long enough for Merit to take adequate discovery to respond to plaintiffs' motion. Accordingly, the Court finds that the most appropriate course is to deny plaintiffs' partial motion for summary judgment without prejudice as premature.[1]

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Merit Energy Company, LLC's Motion to Stay Briefing as to Plaintiffs' Motion for Partial Summary Judgment [Docket No. 62] is **GRANTED** in part. It is further

**ORDERED** that plaintiffs Wade Gagnon, Valerie Van Tassel, and David F. Williams' Motion for Partial Summary Judgment on Lease Language and Marketable Condition Rule [Docket No. 55] is **DENIED** without prejudice as premature. It is further

**ORDERED** that defendant Merit Energy, LLC's Motion to Strike Plaintiffs' Motion for Partial Summary Judgment for Lack of Jurisdiction and Authorization [Docket No. 63] is **DENIED** as moot.

DATED June 29, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Although Merit asks the Court to stay briefing, Merit's motion acknowledges that, when a showing is made under Rule 56(d) that a party lacks the information necessary to respond to a motion for summary judgment, the Court has authority to deny the motion. *See* Docket No. 62 at 5.